IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: :
: CASE NO. 1:14-bk-04623-RNO
DANIEL DAVID MEROVICH :
: CHAPTER 13
Debtor :
****************************** : ******************************

# OPINION[1]

Pending before the Court is a Motion to Allow Debtor's Counsel's Fees as an Administrative Expense Pursuant to 11 U.S.C. §§ 1326(a)(2) and 503(b)(2) ("Motion"). The Chapter 13 case was dismissed, but I retained jurisdiction to consider the Motion. For the reasons stated below, the Motion is granted.

## I. Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B), (E), and (O).

## II. Facts and Procedural History

A Voluntary Petition under Chapter 13 of the Bankruptcy Code was filed on October 3, 2014, by Daniel David Merovich, doing business as Dan Merovich Construction ("Debtor"). Chapter 13 Voluntary Petition, October 3, 2014, ECF No. 1 (hereinafter "Petition"). Bankruptcy Schedules were filed with the Petition on October 3, 2014. Schedules A through J and Summary of Schedules, October 3, 2014, ECF No. 1. A Chapter 13 Plan was filed on October 3, 2014. Chapter 13 Plan, October 3, 2014, ECF No. 4. The Chapter 13 Plan was not confirmed.

The Debtor paid a total of $450.00 to the Chapter 13 Trustee prior to the dismissal of his case. Stipulation of Facts, February 2, 2016, ¶ 2, ECF No. 53. The Chapter 13 Trustee deducted a commission of $21.15 from the funds paid to the Chapter 13 Trustee. Stipulation of Facts, ¶ 3.

---

[1] Drafted with the assistance of William J. Schumacher, Law Clerk.

1

Case 1:14-bk-04623-RNO    Doc 57    Filed 04/06/16    Entered 04/06/16 15:32:17    Desc
Main Document    Page 1 of 10

The Chapter 13 Trustee now holds $428.85[2] and is awaiting further order of this Court before making any disbursement.

In August 2015, Debtor's counsel, Kara K. Gendron of Dorothy L. Mott Law Office, LLC (collectively "Debtor's Counsel"), discovered that the Debtor died on August 9, 2015. *Id.* at ¶ 5. On September 30, 2015, the Motion was filed seeking the allowance of Debtor's Counsel's fees as an administrative expense pursuant to 11 U.S.C. §§ 1326(a)(2)[3] and 503(b) of the Bankruptcy Code. Motion to Allow Debtor's Counsel's Fees as an Administrative Expense Pursuant to §§ 1326(a)(2) and 503(b)(2), September 30, 2015, ECF No. 34. The Motion was set for hearing on November 4, 2015. A continued confirmation hearing was scheduled on October 7, 2015, but was continued to the November 4, 2015, hearing date to coincide with the hearing on the Motion. A Motion to Dismiss the Chapter 13 Case for Material Default was filed to Docket No. 32 by the Chapter 13 Trustee on September 8, 2015, due to the Debtor's failure to make plan payments ("Motion to Dismiss"). The Motion to Dismiss was also continued from October 7, 2015, to November 4, 2015.

After a hearing held on November 4, 2015, this Court granted the Motion to Dismiss. However, the dismissal order specifically retained jurisdiction pursuant to § 349(b) of the Bankruptcy Code, to address the Motion.

A hearing was held on January 6, 2016, to hear additional arguments from Debtor's Counsel and the Chapter 13 Trustee concerning the Motion. The gravamen of the Motion is that the post-petition fees incurred by Debtor's Counsel should be paid out of the funds paid by the Debtor and held by the Chapter 13 Trustee. The Motion references § 1326(a)(2) and § 503(b)(2)

---

[2] $450 - $21.15 = $428.85
[3] Unless otherwise noted, all future statutory references are to the Bankruptcy Code, 11 U.S.C. § 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 37 ("BAPCPA").

2

and seeks payment of Debtor's Counsel's fees before the Chapter 13 Trustee returns any funds to the Debtor's personal representative.

Debtor's Counsel and the Chapter 13 Trustee both submitted briefs in support of the Motion. No objections have been filed in opposition to the Motion. The Motion is now ripe for decision.

### III. Discussion

I write this Opinion primarily for the benefit of the parties, both of whom support the award of attorney's fees, and solely based on the facts before me. Two principal sections of the Bankruptcy Code are implicated by the Motion – §§ 349(b)(3) and 1326(a)(2). The recent United States Supreme Court decision in *Harris v. Viegelahn*, which discussed the post-confirmation distribution of funds held by the Chapter 13 trustee at the time of conversion from a Chapter 13 to a Chapter 7 case, has caused several Bankruptcy Courts to address the proper post-dismissal distribution of funds held by Chapter 13 trustees. I will discuss *Harris v. Viegelahn* and §§ 349(b)(3) and 1326(a)(2) below.

#### A. Harris v. Viegelahn

In *Harris* the United States Supreme Court held that plan payments made by a Chapter 13 debtor from post-petition wages and held by the Chapter 13 trustee at the time a case is converted to Chapter 7 must be returned to the debtor, rather than distributed to creditors. *Harris v. Viegelahn*, 135 S.Ct. 1829, 1837, 191 L.Ed.2d 783 (2015). The Supreme Court specifically rejected the Chapter 13 trustee's argument that on conversion undistributed funds must be disbursed to creditors pursuant to §§ 1326(a)(2) and 1327(a). *Harris v. Viegelahn*, 135 S.Ct. at 1838. Instead, the Supreme Court found that § 348(f) requires that on conversion accumulated wages must be returned to the debtor. *Id*. However, the Supreme Court did not

3

address the distribution of funds held by a Chapter 13 trustee after a pre-confirmation dismissal of a case. That, of course, is the issue I address today.

Judge Woods discussed the application of *Harris* in a Chapter 13 dismissal context in *In re Kirk*. *In re Kirk*, 537 B.R. 856, 859 (Bankr. N.D. Ohio 2015). *In re Kirk* is factually and procedurally similar to the case before me. Judge Woods also faced the question of how funds held by the Chapter 13 trustee should be distributed when a case is dismissed prior to confirmation. *In re Kirk*, 537 B.R. at 857-58. *In re Kirk* essentially found that, unlike a case converted from Chapter 13 to Chapter 7, which is no longer governed by any Chapter 13 provision, certain provisions of Chapter 13 "– *e.g.*, § 1326(a)(2) – statutorily and necessarily apply in a chapter 13 case that has been dismissed but not yet closed." *Id.* at 859.

*In re Kirk* distinguishes *Harris* in large part because of the importance of § 348 to the conclusion in *Harris*. *Id*. Section 348 addresses the effect of conversion from one bankruptcy chapter to another. In *Harris*, the Supreme Court noted that conversion to another chapter terminates the services of the Chapter 13 trustee pursuant to § 348(e). *Harris v. Viegelahn*, 135 S.Ct. at 1838. It found that conversion immediately stripped the Chapter 13 trustee of the authority to make payments to creditors. *Id*. In the case of dismissal there is no successor trustee to make any appropriate distribution. I find that after dismissal a Chapter 13 trustee has residual authority to make distributions in accordance with the Bankruptcy Code. *Matter of Hightower*, No. 14-30452-EJC, 2015 WL 5766676, *5 (Bankr. S.D. Ga. Sept. 30, 2015).

Ultimately, *In re Kirk* granted the debtor's attorney an administrative expense claim pursuant to § 503(b)(2) in the amount of $1,000. *In re Kirk*, 537 B.R. at 862. The Chapter 13 trustee was ordered to distribute $1,000 to counsel in payment of post-petition attorney fees. *Id*.

4

Other courts have followed Judge Woods' rationale in *Kirk*. Judge Rice reached a similar conclusion in the case of *In re Brandon*. *In re Brandon*, 537 B.R. 231, 235-36 (Bankr. D. Md. 2015) (*Harris* only applies to a converted case and does not abrogate § 1326(a)(2)). *See also*, *In re Ulmer*, No. 15-30220, 2015 WL 3955258 (Bankr. W.D. La. June 26, 2015); *Matter of Hightower*, No. 14-30452-EJC, 2015 WL 5766676, *6 (Bankr. S.D. Ga. Sept. 30, 2015) (remaining funds returned to debtor after pre-confirmation dismissal because no administrative expenses or adequate protection payments due).

At least one case has held that *Harris* controls even on dismissal of a Chapter 13 case. *See*, *In re Brown*, 538 B.R. 714, 720 (Bankr. E.D. Va. 2015). However, I distinguish *In re Kirk* and its brethren from *In re Brown*. *In re Brown* suggests that *Harris* stands for the proposition that all funds held by the Chapter 13 trustee on dismissal must be repaid to the debtor. *In re Brown*, 538 B.R. at 720. The decision primarily concerns whether there were grounds to support the trustee's motion to dismiss. There is no discussion of § 349 or § 1326(a)(2) in *Brown*. Although *In re Brown* cites to *Harris* for the rationale that all funds which a trustee holds on dismissal must be returned to the debtor, I cannot find sufficient support for why *Harris* applies to the dismissal of a Chapter 13 case. I read *Harris*' holding for purposes of the case before me as limited to the distribution of funds held by the Chapter 13 trustee on pre-confirmation conversion to Chapter 7. That is not the procedural posture of this case.

Thus, for purposes of the facts and Motion before me, which has no objections filed thereto, I find *In re Kirk* persuasive and conclude that *Harris* is inapplicable to the distribution of funds held by the Chapter 13 Trustee on the pre-confirmation dismissal of this case. Next, I will address which section controls distributions from the Chapter 13 Trustee when the Debtor's case has been dismissed pre-confirmation.

5

### B. Sections 349(b)(3) and 1326(a)(2)

Section 349(b) governs the dismissal of a Chapter 13 case, which states that:

> (b) Unless the court, for cause, orders otherwise, a dismissal of a case other than under section 742 of this title – … (3) revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title.

11 U.S.C. § 349. However, § 349 is not the sole section of the Bankruptcy Code that is implicated when a Chapter 13 case is dismissed. Section 1326(a)(2) provides that:

> A payment made under paragraph (1)(A) shall be retained by the trustee until confirmation or denial of confirmation. If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan as soon as is practicable. **If a plan is not confirmed, the trustee shall return any such payments not previously paid and not yet due and owing to creditors pursuant to paragraph (3) to the debtor, after deducting any unpaid claim allowed under section 503(b).**

11 U.S.C. § 1326 (emphasis added). The third sentence of § 1326(a)(2) specifically deals with the distribution of plan payments if a plan is not confirmed. *In re Brandon*, 537 B.R. at 237; *In re Kirk*, 537 B.R. at 860.

I recognize that courts were divided, at least pre-*Harris*, on whether § 349(b)(3) or § 1326(a)(2) controls the distribution of funds held by a Chapter 13 trustee on dismissal. Some courts have found that § 349(b)(3) is the Code provision that controls the disposition of all estate property on dismissal of a Chapter 13 case. *In re Lewis*, 346 B.R. 89, 111 (Bankr. E.D. Pa. 2006); *see also*, *In re Tesca*, No. 05-66893, 2000 WL 35485099, at *2 (Bankr. N.D. Ohio Nov. 28, 2000 [sic]) (holding that § 349(b)(3) controls). However, Judge Frank also noted in *Lewis* that a court's discretion under § 349(b)(3) was the best method to implement the policies expressed by Congress in § 1326(a)(2). *In re Lewis*, 346 B.R. at 111.

Other courts have held that § 1326(a)(2) is the appropriate Bankruptcy Code section to apply to the distribution of funds held by a Chapter 13 trustee on dismissal. *In re Kirk*, 537 B.R.

6

at 860; *In re Brandon*, 537 B.R. at 237; *In re Inyamah*, 378 B.R. 183, 184-85 (Bankr. S.D. Ohio 2007) (holding that § 1326(a)(2) controls). In a pre-*Harris* decision, the Third Circuit also analyzed § 1326(a)(2). *In re Michael* involved a debtor's conversion from Chapter 13 to Chapter 7. *In re Michael*, 699 F.3d 305, 306-07 (3d Cir. 2012). The Third Circuit held that if a case is converted prior to confirmation of a plan, the Chapter 13 "trustee must return any payments held by him to the debtor after deducting adequate funds for him to pay allowed administrative expense claims." *In re Michael*, 699 F.3d at 310. Importantly, the Third Circuit cited to § 1326(a)(2) to support this holding. *Id*. Although *In re Michael* was a conversion case, the court noted in a footnote that the specific provisions of Chapter 13 should control over the "broad provisions" of §§ 348 and 349. *Id*. at 313 n.6. Again, § 349 is the applicable statute on dismissal of a Chapter 13 case. 11 U.S.C. § 349.

Importantly, *Harris* did not overrule the holding or reasoning of *Michael* and instead the Supreme Court resolved a circuit split in favor of the Third Circuit's analysis in *Michael*. *In re Brandon*, 537 B.R. at 236. Although the Supreme Court in *Harris* held that § 1326(a)(2) ceased to apply once the case was converted, *Michael*'s analysis of § 1326(a)(2) in the context of dismissal was not overruled. *Harris v. Viegelahn*, 135 S. Ct. at 1833-34; *In re Michael*, 699 F.3d at 313 n.6.

I find *In re Lewis* distinguishable because it was a pre-*Michael* and pre-*Harris* case. *In re Lewis*, 346 B.R. 89. *In re Tesca* is also distinguishable because it was decided pre-*Michael* and pre-*Harris*, is not a reported case, and is not based on precedent within the Third Circuit. *In re Tesca*, 2000 WL 35485099. Instead, I find that *Michael*'s conclusion, although within a footnote, that § 1326(a)(2) controls over § 349(b)(3) on dismissal of a Chapter 13 case remains

7

Case 1:14-bk-04623-RNO    Doc 57    Filed 04/06/16    Entered 04/06/16 15:32:17    Desc
Main Document    Page 7 of 10

good law in the Third Circuit. *See*, *In re Michael*, 699 F.3d at 313 n.6; *In re Kirk*, 537 B.R. at 860; *In re Brandon*, 537 B.R. at 235-38.

I conclude that § 1326(a)(2) should control the disbursement of funds held by the Chapter 13 Trustee on the pre-confirmation dismissal of the Debtor's case. I will next address whether Debtor's Counsel is entitled to payment of her fees pursuant to § 1326(a)(2) prior to the distribution of undisbursed plan payments to the Debtor's personal representative.

### C. Attorney's Fees

Debtor's Counsel may be entitled to payment of attorney's fees under § 1326(a)(2) if the fees constitute a § 503(b) administrative expense claim. Section 503(b) provides that:

> (b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—…
> (2) compensation and reimbursement awarded under section 330(a) of this title;

11 U.S.C. § 503. A Chapter 13 debtor is generally not required to obtain court approval prior to hiring an attorney. *In re Young*, 285 B.R. 168, 170 (Bankr. D. Md. 2002); *In re Mowers*, 160 B.R. 720, 722-23 (Bankr. N.D.N.Y. 1993) (no need for a Chapter 13 debtor to seek appointment of additional counsel).

Section 330(a)(4)(B) then provides that:

> (B) In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

11 U.S.C. § 330. There have been no objections filed to Debtor's Counsel's requested compensation of $4,599.50. Still, I recognize that a bankruptcy judge has an independent duty to review the reasonableness of a requested fee, even in the absence of an objection. My colleague, Judge France, has stressed the particular importance of this duty in Chapter 13 cases where there is little motivation for a debtor or creditors to object to a fee allowance. *In re Smith*, 331 B.R.

8

622, 628 (Bankr. M.D. Pa. 2005) (citing *In re Szymczak,* 246 B.R. 774, 778 (Bankr. D.N.J. 2000)).

Thus, Chapter 13 allows reasonable compensation to a debtor's attorney for representing the debtor in the bankruptcy case. Allowed compensation is an administrative expense under § 503(b)(2). Although the statutory scheme "expressly directs Chapter 13 trustees to return funds" held by the trustee to the debtor when a plan is denied, this is conditioned on first paying the allowed fees of the debtor's attorney as an administrative expense under §§ 503(b) and 1326(a)(2). *In re Brandon*, 537 B.R. at 235.

In this case, I retained jurisdiction to consider the Motion after dismissing the Debtor's Chapter 13 petition. The Debtor paid a total of $450 to the Chapter 13 Trustee before his case was dismissed. Stipulation of Facts, ¶ 2. The Debtor paid a $3,010 retainer to Debtor's Counsel prior to filing his Bankruptcy Petition. Schedules A through J and Summary of Schedules, October 3, 2014, ECF No. 1. The amount remaining to be paid through the plan was $1,990. *Id*. Debtor's Counsel filed a statement of fees in support of the Motion. Exhibit (Time Records up Sept. 18, 2015 [sic]), March 28, 2016, ECF No. 56. Charges totaled $4,599.50 for the representation of the Debtor. *Id*. To support a fee application, my colleague, Judge France, has stated that "a time itemization must list each activity, its date, the attorney who performed the work, a description of the nature and substance of the work performed, and the time spent on the work." *In re Smith*, 331 B.R. at 633 (quoting *In re Fry,* 271 B.R. 596, 602 (Bankr. C.D. Ill. 2001)).

Here, the fees include time spent reviewing the Debtor's case, filing schedules, filing a Chapter 13 plan, reviewing objections to the plan, attending hearings, defending against a motion for relief from the automatic stay, and addressing the listing of real property owned by

9

the Debtor. Exhibit (Time Records up Sept. 18, 2015 [sic]), March 28, 2016, ECF No. 56. I find that the services rendered and the time expended were reasonable and necessary, entitling Debtor's Counsel to $4,599.50 in fees. After due consideration of the application of §§ 1326(a)(2), 349(b)(3), 330(a)(4)(B) and 503(b)(2) to this case, I conclude that Debtor's Counsel should be allowed an administrative expense claim under § 503(b)(2) in the amount of $1,589.50.[4]

I am confident that attorneys will not abuse the process by inappropriately seeking attorney's fees through pre-confirmation dismissal and distribution of funds held by the Chapter 13 trustee. Based on the foregoing, I conclude for purposes of the facts and procedural posture before me that *In re Kirk*'s analysis should be followed and the Motion granted.

### IV. Conclusion

For all the above reasons, a Judgment will be entered granting the Motion to Allow Debtor's Counsel's Fees as an Administrative Expense Pursuant to §§ 330(a)(4)(B) and 503(b)(2). Pursuant to § 1326(a)(2), the Chapter 13 Trustee will be directed to distribute the funds held by him to Debtor's Counsel, not to exceed $1,589.50.

By the Court,

*Robert N. Opel II*

Date: April 6, 2016

Robert N. Opel, II, Bankruptcy Judge

(PAR)

---

[4] $4,599.50 (total due) - $3,010 (retainer) = $1,589.50 (amount due)